UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMETRIUS DESHAWN ROBERTSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1614** |
| **SHERIFF RANDY SMITH** | **SECTION: "T"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Demetrius Deshawn Robertson, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against St. Tammany Parish Sheriff Randy Smith. Plaintiff's statement of his claim, in its entirety, reads: "I was arrested on 11-27-19 and place in a holding cell for 16-days at the St. Tammany Parish Jail."[1] As relief, he requests $2,300,000.00, an apology, and a change in policy.[2]

Plaintiff filed this civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] Rec. Doc. 1, p. 4.
[2] Id. at p. 5.

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned nevertheless recommends that it be dismissed as frivolous and/or for failing to state a claim on which relief may be granted for the following reasons.

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). That said, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 F. App'x 369, 371 (5th Cir. 2008); Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015). As explained below, it is apparent that plaintiff's allegation that he was held for sixteen days in a holding cell concerns nothing more than a *de minimis* inconvenience which does not constitute "punishment" or otherwise rise to the level of a constitutional violation.

As an initial matter, it must be noted that there is no indication that plaintiff was kept in the holding cell as a form of *punishment* (as opposed to some other permissible explanation, such as a lack of space in the general population area). Further, in any event, it is clear that "the

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998).  Therefore, although plaintiff's confinement in the holding cell was undoubtedly uncomfortable, it does not necessarily follow that it was *unconstitutional*.

In addition, this Court must be mindful that the United States Supreme Court has held "that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards," because conditions that "might be tolerable for a few days and intolerably cruel for weeks or months."  Hutto v. Finney, 437 U.S. 678, 686-87 (1978); accord Alexander v. Tippah County, Mississippi, 351 F.3d 626, 631 (5th Cir. 2003) ("[T]he length of time spent in the offensive conditions should be taken into account.").

In the instant case, plaintiff alleges that he was kept in the holding cell for only *sixteen days*.  Such a short period of time in a holding cell is insufficient to rise to the level of a constitutional violation.  See, e.g., Hill v. Smith, Civ. Action No. 20-1042, 2020 WL 2226316, at *2 (E.D. La. Apr. 1, 2020) (finding that detainee's eighteen-day confinement in the St. Tammany Parish Jail's holding cells was too brief a period to support a constitutional claim), adopted, 2020 WL 2219366 (E.D. La. May 7, 2020); Allen v. St. Tammany Parish, Civ. Action No. 17-4091, 2018 WL 558503, at *3-5 (E.D. La. Jan. 2, 2018) (finding that detainee's fifteen-day confinement in the St. Tammany Parish Jail's holding cells was too brief a period to support a constitutional claim), adopted, 2018 WL 537495 (E.D. La. Jan. 24, 2018); cf. Baqer v. St. Tammany Parish Government, Civ. Action No. 20-980, 2020 WL 1820040, at *11-13 (E.D. La. Apr. 11, 2020) (denying detainees' motion for a preliminary injunction because they were unable to show a

substantial likelihood of success on the merits of their claims challenging their confinement in the St. Tammany Parish Jail's holding cells for periods of sixteen to nineteen days).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   16th   day of June, 2020.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**